Macris v. Specialized Loan Servicing

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-two.

Present:
> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges.*

---

MARK K. MACRIS,

> *Plaintiff-Appellant*,

v.                                                                                           21-2016-cv

SPECIALIZED LOAN SERVICING, LLC.,

> *Defendant-Appellee*,

EXPERIAN INFORMATION SOLUTIONS, INC.,

> *Defendant*.

---

For Plaintiff-Appellant:                     BRIAN L. BROMBERG, Bromberg Law
                                             Office, P.C., Brooklyn, NY. (Seth J.
                                             Andrews, Law Offices of Kenneth Hiller,
                                             PLLC, Amherst, NY, *on the brief*).

For Defendant-Appellee:  BRIAN S. MCGRATH, Hinshaw & Culbertson LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*) entered on July 22, 2021.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Mark K. Macris appeals from the grant of summary judgment by the United States District Court for the Western District of New York to defendant Specialized Loan Servicing, LLC ("SLS").   Macris previously jointly owned a mortgaged property with his ex-wife, who assumed sole possession upon their divorce and, on August 14, 2012, removed Macris from the deed.   On March 6, 2015, U.S. Bank, the mortgagee, brought a foreclosure action against Macris and his ex-wife regarding their former joint property.   Macris established that he was no longer an owner of the property, and upon SLS's representation that he was not a necessary party, the court removed him from the foreclosure action by an order of reference filed on November 20, 2015.   While the foreclosure action was pending, SLS, the servicer of the mortgage note, contacted Macris about catching up on his late mortgage payments, and reported the delinquent debt to Experian, a credit reporting agency.   The delinquent mortgage debt appeared on Macris's credit report dated May 19, 2016, which also stated that a "[f]oreclosure proceeding [had] started." Macris disputed this debt, which SLS investigated and confirmed as accurate.   A copy of Macris's credit report following this investigation, dated July 27, 2016, continued to list the delinquent mortgage debt, but also noted that the debt was disputed by the consumer.   Macris sued SLS and Experian, bringing claims against SLS under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

2

§§ 1681-1681x, 1681s-2(b) (Count I) and various provisions of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p (Count V). Macris appeals the district court's grant of summary judgment for SLS on both counts. On appeal, this Court reviews a grant of summary judgment *de novo*. *Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 763 (2d Cir. 2002). We assume the parties' familiarity with the case.

Both claims turn largely on a single issue: whether releasing Macris from the foreclosure action also simultaneously released him from liability under the mortgage note. The district court correctly determined that it did not. Under New York law, a lender must elect to first pursue either a foreclosure action or a deficiency action against a mortgage debtor; it cannot pursue both simultaneously. N.Y. Real Property Actions and Proceedings Law § 1301. If a lender first pursues a foreclosure action, a debtor must be "made a defendant in the [foreclosure] action, and ha[ve] appeared or [ ] been personally served with the summons," to be later pursued in a deficiency action. N.Y. R.A.P.L. § 1371(1)–(3). The parties do not dispute that Macris was made a defendant in the foreclosure action and was served with a proper summons. But Macris contends that after the court dismissed him from the foreclosure proceeding, based on SLS's representation that he was not a necessary party, SLS was foreclosed from pursuing any future deficiency action against Macris on the underlying debt, and therefore he did not owe the mortgage debt at the time of the challenged reporting and debt collection activity. We disagree because whether or not SLS could succeed in a deficiency action against Macris after his dismissal from the foreclosure action is beside the point—nothing in the record indicates that SLS affirmatively released him from the mortgage note when he was dismissed from the foreclosure action, and therefore he still owed the mortgage debt at the time of the challenged disclosure and debt collection activity.

3

Summary judgment was appropriate on Macris's FCRA claim because, having established that Macris owed on the mortgage note, SLS did not inaccurately report the debt to a credit reporting agency. Macris attempts to save his FCRA claim by arguing that SLS had a policy of never reporting disputed credit events as disputed to credit reporting agencies. It is true that several other circuits have held that failing to report a dispute can violate the FCRA's requirement that furnishers of credit information report "if an item of information disputed by a consumer is found to be inaccurate or *incomplete*." 15 U.S.C. § 1681s-2(b) (emphasis added). But they have also held that a furnisher does not provide "inaccurate or incomplete" information when it fails to report a meritless dispute. *See Seamans v. Temple Univ.*, 744 F.3d 853, 867, 867 n.11 (3d Cir. 2014); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Saunders v. Branch Banking & Tr. Co. of VA*, 526 F.3d 142, 150 (4th Cir. 2008). Here, SLS investigated Macris's credit dispute and found it frivolous. Having found the dispute to be without merit, SLS had no obligation to report the debt as disputed. Furthermore, even if SLS had an obligation to report the item as disputed while responding to Experian's notice that the item was disputed, the record indicates that the dispute response SLS sent to Experian contained a dispute code and was clearly labeled as a "dispute response." App'x 608–09. Macris makes no argument as to why this form does not constitute sufficient notice of the dispute. The district court therefore appropriately granted SLS's summary judgment motion as to the FCRA claim.

The FDCPA claim fails for similar reasons. Summary judgment was appropriate on the portions of the FDCPA claim brought under 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(10), and 1692f because they are predicated entirely on SLS's efforts to collect a debt that Macris alleges he did not owe. But because Macris remained indebted on the mortgage note during the relevant

4

period, even after his dismissal from the foreclosure action, Macris *did* owe on that debt, and SLS did not violate the FDCPA in trying to collect it through otherwise lawful means.

Macris's FDCPA claim under § 1692e(8) warrants slightly more consideration. As with his FCRA claim, Macris contends that SLS had an obligation to report the debt as disputed to credit reporting agencies upon his filing of such a dispute. But even if this argument were correct, we again observe that the dispute response form sent from SLS to Experian clearly indicated that the account was disputed, App'x 608–09, and Macris has not explained why this notice was insufficient. Accordingly, the district court properly granted SLS's motion for summary judgment as to the FDCPA claim.

Macris's notice of appeal also includes the district court's July 8, 2021, Decision and Order denying his motion to strike an SLS witness. However, nowhere in his briefing does he press this argument, and we therefore find it abandoned. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (issues not raised in briefs are abandoned). We have reviewed the remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court